73 F.3d 371
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dustin Wright VAN HORN, Defendant-Appellant.
 No. 95-30027.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided Dec. 20, 1995.
 
 Before: BROWNING, RYMER, T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dustin Wright Van Horn appeals the denial of his motion to suppress marijuana plants discovered in a search of his Portland residence. We affirm.
 
 I.
 
 3
 Van Horn contends Officer Kelly violated his Fourth Amendment rights by moving him through the side yard toward the rear of the house immediately after the arrest. We need not determine whether this movement violated Van Horn's Fourth Amendment rights; nothing in the record suggests the move yielded any evidence.
 
 II.
 
 4
 Van Horn contends he did not voluntarily allow the officers to walk through his house. He claims Officer Kelly told him they had a warrant for "a suspected marijuana grow operation," leading him to assume the officers already had a right to enter the home. He asserts he offered only to go inside the house by himself and open the front gate, but the officers simply "propelled [him] right up the steps" and inside. Faced with conflicting evidence, the district court was entitled to resolve the credibility issue in the officers' favor.
 
 
 5
 Van Horn argues his consent was not knowing and voluntary because the officers used an illegal ruse. See United States v. Bosse, 898 F.2d 113, 115 (9th Cir.1990); United States v. Phillips, 497 F.2d 1131, 1135 (9th Cir.1974). Viewing all of the circumstances in the light most favorable to the government, we disagree. The officers legitimately needed to leave the side yard. Officer Kelly testified he could not take Van Horn out the side gate because it was mangled. Unlike the agents in Bosse and Phillips, Officer Kelly and Sergeant Pacheco did not ask Van Horn for permission to enter the house. They merely asked Van Horn how to get to the front gate. Van Horn himself suggested going through the house. In fact, Officer Kelly testified that he asked Van Horn if he was "sure we can go through the house?," giving Van Horn yet another opportunity to suggest an alternative route out of the side yard. After making sure Van Horn agreed, the officers did exactly what Van Horn invited them to do: They followed him directly through the house and out the front door.
 
 III.
 
 6
 Van Horn denies agreeing to reenter the house after he and the officers met the uniformed officer in the front yard, and alleges Officer Kelly added the statement "I give consent for the drugs and vice officers to search my residence" after Van Horn signed and initialled the Miranda rights form.
 
 
 7
 The district court had an adequate basis for rejecting Van Horn's testimony and finding the consent to be voluntary. Officer Kelly testified that he both mirandized Van Horn before Van Horn consented to the search, and told him "[i]f you don't want to let us search you have a perfect right to say no." Officer Kelly also testified that he wrote the consent to search language on the Miranda rights form before Van Horn signed and initialled it. The officers' guns were in their holsters, and the conversation was quiet and candid. Finally, Officer Kelly said he did not tell Van Horn the officers would obtain a warrant if Van Horn did not consent to the search.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3